UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

 WILLIAM G. RAPP, JR.

                              Plaintiff,

      v.                                                    Civil Action No. _____

GC SERVICES, LP,

                              Defendant.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, William Rapp, Jr. is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services, LP, (hereinafter "GC Services") is a foreign limited partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to U.S. Department of Education.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by the U.S. Department of Education to collect on the subject debt.

13. That in or about October of 2010, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That in one the aforementioned conversations, Defendant stated to Plaintiff that if the debt was not paid, they would garnish his Social Security Supplement Income ("SSI") benefits.

15. That despite Defendant's threat, Defendant is not permitted by law to garnish Plaintiff's SSI benefits.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff's SSI payments would be garnished.

2

  B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by causing the Plaintiff's telephone to ring repeatedly and engaged Plaintiff in telephone conversations repeatedly.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

 (a) Actual damages;

 (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

 (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.


## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 20, 2011


/s/ Seth J. Andrews_____
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
   sandrews@kennethhiller.com